UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLARENCE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:05 CV 128 |
| | ) |
| JULIE LAWSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Clarence Davis submitted a complaint under 42 U.S.C. § 1983 against St. Joseph County Jail officials. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under FED.R.CIV.P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Davis brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Mr. Davis seeks damages for conditions of confinement at the St. Joseph County Jail while he was held there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees, however, are derived from the Fourteenth Amendment's Due Process Clause. Wolfish, 441 U.S. at 535 n.16. But, "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Mr. Davis alleges that he filed grievances dealing with his problems at the jail but that Assistant Warden Huffine did not respond to his grievances. The Constitution, however, does not require a prison grievance system, *Spencer v. Moore*, 638 F. Supp. 315,

2

316 (E.D. Mo. 1986), the Fourteenth Amendment does not protect State created inmate grievance procedures, and alleged violations of grievance procedures do not state a claim under § 1983. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988); *Azeez v. DeRobertis*, 568 F. Supp. 8 (C.D. Ill. 1988). That a jail official ignores or denies a prisoner's grievance does not violate the Fourteenth Amendment's due process clause. *Wilson v. VanNatta*, 291 F. Supp. 2d 811, 819 (N.D. Ind. 2003) ("The right to petition the government for grievances does not guarantee a favorable response, or indeed any response, from government officials"). Failure to respond to a prisoner's grievance may, however, preclude the defendants from relying on 42 U.S.C. § 1997e(a) — which requires prisoners to exhaust any available institutional grievance procedure before they may file a § 1983 claims regarding conditions of confinement — to obtain the dismissal of this complaint. *Id.* at 820.

Mr. Davis also alleges that Assistant Warden Huffine placed him in the very last cell on the range, which meant that he could not use the cellhouse phone until 4:00 or 5:00 in the afternoon. This states no claim upon which relief can be granted because prisoners have no Constitutional right to use the telephone twenty-four hours a day. *See Douglas v. DeBruyn*, 936 F. Supp. 572, 578 (S.D. Ind. 1996) (approving restrictions allowing a pretrial detainee access to telephones only eight hours a day).

Mr. Davis alleges that Sergeant Schroeder had him placed in a lockup unit because he has been a behavior problem, and will not let him into general population. As a pretrial detainee, Mr. Davis is entitled to due process before being punished. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995) ("*Sandin* [*v. Conner*, 515 U.S. 472, 484 (1995)] does not apply to pretrial detainees, who may not be punished without due process of law"). Not

3

every placement of a pre-trial detainee in administrative segregation, however, constitutes punishment. For example, the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate the due process clause. *Zarnes v. Rhodes,* 64 F.3d 285, 291 & n.5 (7th Cir. 1995); *Zimmerman v. Tippecanoe Sheriff's Dep't*, 25 F. Supp. 2d 915, 921 (N.D. Ind. 1998) (holding a pre-trial detainee in administrative segregation where the segregation unit was more secure and the sheriff believed that the inmate constituted a security risk did not violate the due process clause).

If Sgt. Schroeder placed Mr. Davis in segregation for punitive reasons, he may state a claim upon which relief can be granted. "[FEDERAL RULE OF CIVIL PROCEDURE] 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Because the court cannot determine from the complaint whether Sgt. Schroeder placed Mr. Davis in segregation for punitive reasons or for a permissible security purpose, the court cannot say that he can prove no set of set of facts consistent with his Fourteenth Amendment due process claim.

Mr. Davis alleges that Custody Officer Lester Gomez ordered him to go to a room, and that when Mr. Davis refused, Officer Gomez and other officers returned with a dartgun and tazer, forced him to go to the room, and locked him down for the rest of the day. As a prisoner, Mr. Davis is not entitled to ignore orders issued by custody officers, and that they forced him to obey Officer Gomez's order states no claim upon which relief can be granted. Mr. Davis does not allege that Officer Gomez actually used physical force to force Mr. Davis to comply with his order, but even if he had, it would state no claim upon

4

which relief can be granted because jail officials may use reasonable force "in a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Mr. Davis alleges that jail officials denied him access to the facility law library. "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817 (1977). A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense, but jail officials are not required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." *Tyson*, 845 F.2d at 1457. Because it appears from the complaint that Mr. Davis may have been without counsel for his criminal charges after his lawyer withdrew, giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted under any set of facts that could be proved consistent with his charge that he was denied access to legal materials. The court will allow him to proceed against Jail Warden Julie Lawson on this claim.

Mr. Davis also alleges that he has developed athlete's foot while he was at the jail, and has not received adequate treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that is "life threatening or poses a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). Many medical needs are non-serious for Eighth Amendment purposes. *See, e.g.*, *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (cuts on two fingers from slammed food slot on cell door); *Wesson v. Oglesby*,

5

910 F.2d 278, 284 (5th Cir. 1990) (swollen wrists); *Shabazz v. Barnaukas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (sensitive skin irritated by shaving); *Johnson v. Vondera*, 790 F. Supp. 898, 900 (E.D. Mo. 1992) (headaches, neck pain and blurred vision); *Andrews v. Glenn*, 768 F. Supp. 668, 670 (C.D. Ill. 1991) (two infected toes); *Rodriguez v. Kincheloe*, 763 F. Supp. 463, 469 (E.D. Wash. 1991) (injured knee); *Ashford v. Barry*, 737 F. Supp. 1, 3 (D. D.C. 1990) (kick in the leg); *Tyler v. Rapone*, 603 F. Supp. 268, 271-2 (E.D. Pa. 1985) (dental care and cut). Athlete's foot is simply not a serious medical need within the meaning of *Estelle*, 429 U.S. 97.

Mr. Davis also suggests that he has been required to pay for some of his medical treatment at the jail. But even if he had a serious medical need, a facility requiring a non-indigent prisoner to purchase his own medication does not violate the Eighth Amendment. *Martin v. DeBruyn*, 880 F. Supp. 610 (N.D. Ind. 1995). Moreover, "co-pay" policies under which inmates must bear part of the cost of their treatment have been upheld as constitutional so long as the co-pay does not interfere with timely and effective treatment of serious medical needs. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985); *Johnson v. Dep't of Pub. Safety and Corr. Servs.*, 885 F. Supp. 817 (D. Md. 1995).

Mr. Davis suggests that he has occasionally not been allowed to visit with his family when he was in "medical lockup," that visitation generally only lasts twenty minutes, and that he sometimes does not have access to a television. Prisoners have no Constitutional right to watch television, *Manley v. Fordice*, 945 F. Supp. 132 (S.D. Miss. 1996), nor is there an independent constitutional right to visitation or to any particular form of visitation, *see Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989); *Smith v. Shettle*, 946 F.2d 1250 (7th Cir. 1991). Prison and jail officials have considerable discretion in determining the time,

6

place, duration, and conditions of visitation. *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998).

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Schroeder on his claim that he placed the plaintiff in punitive segregation without due process and **GRANTS** him leave to proceed against Julie Lawson on his claim that he was denied access to legal materials;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Huffine and Lester Gomez, and **DISMISSES** all claims except the claim that the plaintiff was placed in punitive segregation without due process and the claim that he was denied access to legal materials;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** defendants Lawson and Schroeder to respond to the complaint as provided for in the FEDERAL RULES OF CIVIL PROCEDURE; and,

(4) **DIRECTS** the marshals service to effect service of process on Warden Julie Lawson and Sergeant Schroeder, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED.**

**Enter**: September 19, 2005

    s/James T. Moody    
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT